**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| In re Appeal of Wilkins Properties, LLC | } | Docket No. 176-10-04 Vtec |
| | } | |
| | } | |

**Decision on Pending Motion for Summary Judgment**

Appellant-Applicant Wilkins Properties, LLC (Appellant) appealed from the decision of the Town of Milton (Town) Development Review Board (DRB), which denied Appellant's two applications: the first for final plan approval for a two-lot subdivision of a parcel of land in the "Old Towne Residential/Commercial M5" (M5) zoning district. The second application was for site plan approval for the intended uses on each of the two proposed lots.[1] In a decision dated July 13, 2005, this Court denied Appellant's motion for summary judgment, with discretion to renew, on the grounds that insufficient factual evidence had been provided to the Court. This Court also noted in its July 13th decision that Appellant's allegations concerning certain procedural defects in the DRB decisional process were not relevant to this de novo appeal.

This Court, in an entry order dated August 4, 2005, provided a timeline within which Appellant could file a renewed motion for summary judgment, adding that any such motion "shall be accompanied by true copies of the Town of Milton zoning regulations, the Appellant's application, and the DRB decision which was the basis of this appeal." Now pending before this Court is Appellant's renewed motion for summary judgment, which includes the Appellant's application, the DRB decision, and a portion of the Town's zoning ordinance. Interested person John Blatt filed a response to the renewed motion. Appellant is now represented by Allen W. Ruggles, Esq.; the Town is represented by Gregg H. Wilson, Esq.; John Blatt and other interested persons represent themselves.

**Factual Background**

The following facts are undisputed unless otherwise noted:

---

[1] Appellant-Applicant asserts that the proposed uses are permitted uses within the M5 district. Mr. Blatt asserts that at least one of the uses proposed should not be considered a permitted use, and only may be considered a conditional use in the M5 district.

1.  Appellant owns a one-acre lot on the southwesterly corner of Mackay and River Streets in the Town's M5 district.

2. On May 14, 2004, Appellant filed two applications, the first for final plan approval for a two-lot subdivision of the above mentioned parcel and the second for site plan approval for the proposed uses on each of the two proposed lots.

3. Appellant's site plan applications specified the following uses:  on proposed Lot #1, "[m]ixed uses in a 6,400 s.f. 2-story building.  Lower level will consist of 1,800 s.f. office/professional space (insurance plus a minor tenant in same space) plus 1,800 s.f. for a teen center.  The upper level consists of 3 apartments (2-2 bedroom plus 1-3 bedroom)."  On proposed Lot #2, Appellant intends to relocate an existing manufactured home that is currently located on proposed Lot #1.

4. On September 3, 2004, the DRB issued a notice of decision, which included findings of fact, for Appellant's "MINOR CONVENTIONAL SUBDIVISION/SITE PLAN FINAL PLAN APPROVAL."  The DRB decision contained certain findings, all of which appear to represent that Appellant's subdivision plan is in conformance with the Town subdivision regulations.  However, when a motion was made to approve both of Appellant's pending applications, with conditions, the motion failed to receive a majority of votes from the DRB members.

5. Appellant thereafter timely filed an appeal of the DRB denial of the subdivision and site plan applications.

## Discussion

Appellant's renewed motion for summary judgment re-alleges the same procedural defects that were raised in Appellant's prior motion.  The renewed motion also repeats Appellant's request that this Court deem Appellant's applications approved by operation of law.  This section of Appellant's motion appears to be a mirror image of its earlier motion.  Both of these issues were addressed in the Court's July 13, 2005 decision.  The only difference in the two motions, aside from supporting documentation, is a new section in which Appellant asserts that the applications comply with the Town's ordinance and regulations.  That, of course, is the substantive question to be decided in this de novo appeal.  It is the only question properly presented to this Court by Appellant's motion.

The DRB voted not to approve Appellant's applications and included findings of fact in its notice of decision. The DRB decision is not a model of clarity, especially regarding the general procedural issue that it had two applications before it to consider and decide upon.

The question of whether the DRB's decision was or was not supported by the facts, that is, whether the decision was or was not arbitrary and capricious, is not within our jurisdictional responsibility. As we stated in our July 13, 2005 decision, "this Court is charged with making its own determination of whether the Appellant's application is meritorious, and not whether the DRB acted improperly in rendering its decision." We may, however, rely on the findings of fact in the DRB's decision because those findings are undisputed. While Appellant is appealing the DRB's decision, he does not dispute the findings of fact. Indeed, he relies upon those findings in the instant motion. The DRB findings concerning Appellant's subdivision application may therefore be relied on by the parties and this Court.

There are material facts in dispute concerning one of the uses to which Appellant intends to put the subdivided lots, and how that use should be categorized within the definitions for permitted and conditional uses allowed in the M5 district. Those material facts must be viewed in a light most favorable to the non-moving party, for purposes of our analysis of Appellant's summary judgment motion. See Toys Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990) ("The party against whom summary judgment is sought is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists").

Interested person John Blatt raises concerns about the potential use of the subdivided property as a "teen center." He argues that the project requires conditional use approval under § 500 of the Town's zoning regulations because the "teen center" will include live bands and pool tables, which arguably constitute "indoor recreation" under § 453. Indoor recreation is only permitted as a conditional use in the M5 zoning district, and, like all conditional uses, must be approved by the DRB before a zoning permit is issued.

Based upon the facts presented, viewed in a light most favorable to the non-moving parties in this proceeding, we cannot conclude at this time that the proposed teen center is a permitted use in the M5 zoning district. Thus, we cannot approve Appellant's site plan approval request for the proposed teen center, at least not at this stage of this appeal. The question of whether Appellant's proposed teen center fits within the enumerated permitted uses, or whether

it is properly classified as a conditional use, must wait for determination at a hearing on the merits.[2]

It is undisputed that the remaining uses Appellant proposes for his subdivided lots (offices, apartments, and a manufactured home) are permitted uses within the M5 district. We therefore grant partial summary judgment to Appellant-Applicant on his site plan application as to those proposed uses. We next consider Appellant's subdivision application.[3]

The reasoning for the DRB's denial of Appellant's subdivision application is unclear, but the DRB findings provide assistance in our consideration of that application. The question before the DRB, and now before this Court, is whether Appellant's application for a minor, two-lot subdivision meets the requirements of the applicable regulations. See In re Taft Corners Assocs., 171 Vt. 135, 141 (1991) ("subdivision review is not intended to police prospective uses of the subdivided lots"). This appeal must therefore be decided under the Town's subdivision regulations, not the Town's zoning regulations. We now proceed to examine the merits of Appellant's minor subdivision application.

While some technical deficiencies[4] exist in the supporting documentation supplied to this Court, the record is sufficiently complete for our review of the subdivision application's merit. Section 300 of the Subdivision Regulations requires the submission of a sketch plan prior to the submission of an application for subdivision approval. It is unclear from the pleadings and accompanying documentation whether any such sketch plan was submitted; however, the purpose of the sketch plan is to "enable the subdivider to save time and expense." Subdivision Regulations § 200.11. The window of opportunity for those savings in this case has long since passed. It would serve no purpose to require the submission of a sketch plan at this stage, and we will not require it here.

---

[2] If this Court were to determine that the proposed teen center is a conditional use, and not a permitted use, Appellant-Applicant would be required to return to the DRB to request approval of a conditional use application. Return to the DRB would be required because this Court only has authority to consider applications that have previously been submitted to the appropriate municipal panel and thereafter timely appealed to this Court.

[3] We have intentionally considered Appellant's applications in reverse order; the subdivision plat should be approved before any use on a subdivided lot is allowed. However, we feel it is appropriate here to address the more difficult issue first, and then consider the somewhat less difficult question of whether Appellant's subdivision application warrants approval at this pre-trial stage of this appeal.

[4] For example, there was no sketch plan submitted to the Court, the surveyor's seal is missing on the survey, and the site maps are far too small to read.

After submission of the sketch plan, the would-be subdivider must next submit an application for approval of the final subdivision plat. Minor subdivisions, unlike major subdivisions, need not submit an application for preliminary plat approval. The final subdivision plat must conform to the requirements of §§ 610.1 and 610.2 of the Town's Subdivision Regulations. Once submitted, the subdivision application is judged according to the standards in § 700 of the Subdivision Regulations.

The DRB found, and it is undisputed here, that Appellant's subdivision application meets the requirements of the subdivision regulations. Having met the requirements of the Town's subdivision regulations, Appellant's subdivision application must be, and is, granted.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Appellant's Motion for Summary Judgment is partially GRANTED, in so far as it prays for approval of Appellant's subdivision application and for the uses proposed in Appellant's site plan application, other than as a teen center, as referenced above.

We direct that Appellant-Applicant's attorney prepare an appropriate Judgment Order to reflect the approval of the subdivision and uncontested uses of the property. A pre-trial conference will be held pursuant to a notice to be issued by the Court Manager. The parties should be prepared to discuss the scope and scheduling of the trial at that conference.

Done at Berlin, Vermont, this 3rd day of November, 2005.

_____
Thomas S. Durkin, Environmental Judge